UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-21888-UU

AAP IMPLANTATE AG,

   Plaintiff,

v.

MI GLOBAL GROUP USA LLC,

   Defendant.
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant MI Global Group USA LLC's Motion to Dismiss Complaint on *Forum Non Conveniens* Grounds.  D.E. 16.

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises.

**FACTUAL ALLEGATIONS**

Plaintiff, aap Implantate AG ("Plaintiff"), is a German corporation with its principal place of business in Berlin, Germany.  D.E. 1 ¶ 2.  Plaintiff develops, manufactures, and markets trauma products for orthopedic plates and screws and related surgical implant technology.  *Id.* ¶ 3.  In twenty-five (25) countries outside of Europe, Plaintiff sells its products to distributors and resellers.  *Id.*

Plaintiff entered into a Distribution Agreement ("the Agreement") with Defendant, MI Global Group USA LLC ("Defendant"), dated June 23, 2016.  *Id.* ¶ 15; D.E. 1-1.  Pursuant to the Agreement, Plaintiff appointed Defendant to serve as Plaintiff's "exclusive Distributor" in the Republic of Venezuela.  D.E. 1-1 § 2.1.  The Agreement contains pricing, payment terms, and

1

other terms governing the relationship between the parties and the sales made by Plaintiff to Defendant. *Id.* §§ 3.4(a), App'x 4, App'x 5. The Agreement also contains an "Applicable Law" provision, which states, "This Agreement is subject to the law of the Federal Republic of Germany." *Id.* § 8.3. With respect to "Jurisdiction," the applicable provision in the Agreement provides as follows: "Place of jurisdiction is Berlin, Germany." *Id.* § 8.5.

Under the terms set forth in the Agreement, Plaintiff and Defendant entered into a binding contract for the sale of goods having a purchase price of €1,100,151.42. *Id.* ¶ 41. Plaintiff alleges that Defendant fundamentally breached the contract by withholding the required payment and refusing to accept delivery of the requested goods. *Id.* ¶ 42. Plaintiff further alleges that Plaintiff has been substantially deprived of its reasonable commercial expectation in the amount of €1,100.151.42, which Defendant is contractually obligated to pay to Plaintiff under the terms of the Purchase Order price. *Id.* ¶¶ 44-45.

In its Complaint, Plaintiff requests the following forms of relief: (1) judgment requiring Defendant to pay Plaintiff the contract price of €1,100,151.42 and to assume delivery of the purchased goods pursuant to the United Nations Convention on the International Sale of Goods ("CISG"); (2) judgment for damages in an amount to be proven including out-of-pocket expenses, lost profits, incidental damages, prejudgment interest, and additional interest accruing after judgment; and (3) judgment for court costs and attorneys' fees. *Id.* ¶ 46.

On May 19, 2017, Plaintiff filed its Complaint against Defendant asserting one count for breach of contract pursuant to this Court's jurisdiction under the CISG and pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(2). *Id.* ¶¶ 5-6, 9. On June 16, 2017, Defendant filed its Motion to Dismiss Complaint on *Forum Non Conveniens* Grounds (D.E. 16) arguing that this case should be dismissed on *forum non conveniens* grounds pursuant to a

mandatory forum-selection clause in the Agreement at issue.  The Motion is now ripe for this Court's consideration.

## LEGAL STANDARD

"Under the doctrine of *forum non conveniens*, a district court has the inherent power to decline to exercise jurisdiction even when venue is proper." *Vanderham v. Brookfield Asset Mgmt., Inc.*, 102 F. Supp. 3d 1315, 1318 (S.D. Fla. 2015) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-07, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).  Although a court may consider matters outside the pleadings in ruling on a motion to dismiss based on *forum non conveniens*, it "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff."  *Id.* (quoting *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004)).  To obtain dismissal on *forum non conveniens* grounds pursuant to 28 U.S.C § 1404(a), the moving party must demonstrate that (1) the public and private factors weigh in favor of dismissal, (2) an adequate alternative forum is available, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice. *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014).  "A defendant has the burden of persuasion as to all elements of a *forum non conveniens* motion."  *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001).

## ANALYSIS

In its Motion to Dismiss, Defendant argues that this case should be dismissed on *forum non conveniens* grounds pursuant to the mandatory forum-selection clause included in the Agreement at issue in this case.  Defendant insists that the parties contractually agreed that any disputes between them would be heard in Berlin, Germany and that German law would govern any potential dispute.  Defendant further argues that because Germany is an adequate and

3

available forum where Plaintiff can reinstate the case without undue inconvenience or prejudice to Plaintiff, dismissal is appropriate on the basis of *forum non conveniens*.

In response, Plaintiff argues that it would not be more convenient for Defendant to defend the case in Germany, and Defendant has failed to meet its heavy burden of proof in attempting to disturb Plaintiff's choice of venue.  In addition, Plaintiff argues that the forum-selection clause is simply permissive, not mandatory.  Plaintiff concedes that Germany is an adequate and available forum, but Plaintiff insists that Germany is not the only forum for this dispute; and, because a number of the relevant documents, witnesses, and other evidence are located in this forum, the case should not be dismissed on *forum non conveniens* grounds.

To start, the Court finds that both parties misapplied the applicable law to the facts of this case by analyzing the facts under a traditional 28 U.S.C. § 1404(a) analysis, and therefore, a majority of the parties' arguments are irrelevant to this Court's analysis.  In *Atlantic Marine Construction Company, Inc. v. United States District Court for Western District of Texas*, the Supreme Court of the United States addressed when a district court should consider the § 1404(a) analysis when a party is seeking to transfer a case to another federal district versus a traditional *forum non conveniens* analysis when a party is seeking to transfer a case to a state or foreign forum, particularly where a forum-selection clause is present.  134 S.Ct. 568, 580, 187 L.Ed.2d 487 (2013).  The Supreme Court stated, "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*.  Section 1404(a) is merely a codification for the subset of cases in which the transferee forum is within the federal court system[.]" *Id.*  Because Defendant is seeking to transfer this case to a foreign forum – that is, Germany – pursuant to the mandatory forum-selection provision in the Agreement, rather than another district within the federal system, the

Court will proceed to apply the traditional doctrine of *forum non conveniens* and will not consider the § 1404(a) private and public factors argued by the parties.

In *Atlantic Marine*, the Supreme Court also noted that "[t]he calculus changes . . . when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum." *Id.* (citing *Stewart*, 487 U.S. at 31, 108 S.Ct. 2239). The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.* at 33, 108 S.Ct. 2239. "For that reason, and because the overarching consideration . . . is whether a transfer would promote 'the interest of justice,' 'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Id.* at 33, 108 S.Ct. 2239.

Before enforcing the forum-selection provision in this case, the Court must first determine whether the parties' forum-selection provision is valid. It is well-settled that "[f]orum selection clauses contained in international contracts are presumptively valid and enforceable." *Jiangsu Hongyuan Pharm. Co., Ltd. v. DI Global Logistics, Inc.*, 159 F. Supp. 3d 1316 (S.D. Fla. 2016) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). Under *Bremen*, forum selection clauses in international contracts will be deemed unenforceable "only when: (1) their formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of its day in court of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of such provisions would contravene a strong public policy." *Id.* (citing *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1292 (11th Cir. 1998)).

In opposing Defendant's Motion, Plaintiff does not cite to any of the foregoing reasons as a rationale upon which this Court should refuse to enforce this provision. Rather, Plaintiff

argues that the jurisdictional provision contained within the Agreement is simply permissive, and because the clause is ambiguous as to the proper forum, the Court should not enforce this particular provision.

Even if a forum-selection provision is ambiguous, however, that is not the sole reason upon which dismissal should be denied; rather, the Court must consider who drafted that particular provision.  In *Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985), the Eleventh Circuit analyzed the enforceability of a similar forum-selection provision.  In *Citro*, the forum-selection provision stated: "Place of jurisdiction is Sao Paulo/Brazil."  *Id.* at 1231.  The Eleventh Circuit found that there was ambiguity concerning "the exclusive nature of the provision," and "when a contract provision is subject to opposing, yet reasonable interpretation, an interpretation is preferred which operates more strongly against the party from whom the words proceeded."  *Id.*  Because the party seeking enforcement of the forum-selection clause "was the drafter of the ambiguous provision," the court construed the provision against the drafter as "a non-exclusive consent to jurisdiction."  *Id.*

Here, the forum-selection provision states: "Place of Jurisdiction is Berlin, Germany." D.E. 1-1 § 8.5.  Like the Eleventh Circuit concluded in *Citro*, the Court agrees with Plaintiff that the forum-selection provision in this case may be considered ambiguous.  But, in this case, Plaintiff is the drafter of the forum-selection provision, and Plaintiff, not Defendant, is the party who opposes the enforcement of this particular provision. D.E. 16-2 ¶ 5.  Therefore, in light of the forum-selection clause's ambiguity, the forum-selection clause "must be construed against" Plaintiff, to which the Court concludes that Plaintiff has provided exclusive consent to jurisdiction in Berlin, Germany.  *Citro, Fla., Inc.*, 760 F.2d at 1232; *see also Sybac Solar AG v.*

6

*Sybac Solar LLC*, No. 8:12-CV-1218-T-17TGW, 2012 WL 6814193, at *5 (M.D. Fla. Oct. 22, 2012).

At bottom, this case involves a forum-selection provision in an international contract; therefore, under well-settled law, this provision is therefore presumptively valid. Plaintiff has cited no reason as to why the Court should refuse to enforce this provision under the applicable law. Plaintiff cannot cite the Agreement as the basis for the contractual relationship between Plaintiff and Defendant in its Complaint, and then rebuke the forum-selection provision simply because it does not wish to litigate in Germany. Because the Court finds that this case should have been brought in Germany pursuant to the mandatory forum-selection provision, this case is dismissed on the grounds of *forum non conveniens*. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant MI Global Group USA LLC's Motion to Dismiss (D.E. 16) is GRANTED. This case is DISMISSED WITHOUT PREJUDICE. It is further

ORDERED AND ADJUDGED that this case is CLOSED for administrative purposes.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of July, 2017.

*/s/ Ursula Ungaro*
_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf